UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEREATHER EDGE-WILSON,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A.,<br>Defendant. | Case No. 18-cv-03302-PJH<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>Re: Dkt. No. 20 |

Before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion, for the following reasons.

**BACKGROUND**

**A.    The Complaint's Allegations**

Plaintiff Bereather Edge-Wilson alleges three causes of action against Wells Fargo in this foreclosure-related action: (1) violation of the Homeowner's Bill of Rights ("HBOR"), Cal. Civ. Code § 2924.11; (2) violation of 12 C.F.R. 1024.41 under the Real Estate Settlement Procedures Act ("RESPA"); and (3) Unfair Competition—violation of Bus. & Prof. Code §§ 17200, et seq (the "UCL"). FAC ¶¶ 14-30.

Plaintiff alleges that she has owned the relevant property (the "property") since 1978 and that it is her principal residence. FAC ¶¶ 7-8. In December 2008, plaintiff obtained a loan on the property from USA Home Loans, Inc. in the amount of

$301,587.00. Id. ¶ 8. In or around 2010, the beneficial interest in that loan was transferred to Wells Fargo. Id.

After plaintiff lost her job in October 2012, she contacted Wells Fargo to inform it that she may have difficulty making payments in the future. Id. ¶ 9. Wells Fargo allegedly told plaintiff that she could participate in a deferred payment program whereby she would "make reduced monthly payments for six months, at which time, defendant would permanently modify the loan." Id. At that time, though plaintiff was able to continue to make her regular monthly payments, she entered into the payment program based on the promise of the reduced monthly payment and a permanent modification. Id.

After 6 months of making reduced payments, plaintiff submitted a complete loan modification application which was required for her to receive the permanent modification. Id. Plaintiff alleges that rather than providing the permanent loan modification, Wells Fargo required her to "submit and resubmit the documents for years." Id. ¶ 10. According to the FAC, plaintiff "has been perpetually applying for the promised loan modification" since April 2013. Id. In May 2017, plaintiff hired "a third party loan modification consultant who began to assist her with her loan modification applications." Id. ¶ 11.

On February 7, 2018, Wells Fargo denied plaintiff's loan modification application. Id. ¶ 12. The denial letter stated that defendant was unable to create an affordable mortgage payment plan for plaintiff and that plaintiff could appeal the determination within 36 days of the letter—March 15, 2018—by submitting a written appeal. Id. Plaintiff submitted a written appeal on February 21, 2018. Id. According to the FAC, before Wells Fargo "considered" that appeal, defendant caused a notice of trustee's sale ("Notice of Sale" or "NOTS") to be recorded against plaintiff's property on April 6, 2018. Id. That notice listed the unpaid balance and other charges on the loan as $405,651.40 and set the foreclosure sale for May 10, 2018. RJN Ex. P; Compl. ¶ 13. However, the court understands that the property has not yet been sold. Dkt. 20 at 4:12-13.

**B.    Judicially Noticeable Facts**[1]

On August 16, 2016, plaintiff filed for Chapter 13 bankruptcy protection in a matter captioned In re: Edge-Wilson, Bereather, Case No. 16-42293 (N.D. Cal. Bankruptcy). RJN Ex. I. The parties participated in a loan mortgage mediation program and, on January 18, 2017, the parties reached an agreement wherein plaintiff received a trial loan modification. RJN Ex. L. Around February 7, 2017, the parties entered into an "Adequate Protection Stipulation," whereby plaintiff agreed to make her monthly payments in addition to payments to bring her current post-petition. RJN Ex. M ¶ 4. That stipulation also provided that if plaintiff "fails to cure [a] default [within 10 days], Wells Fargo may lodge a Declaration of Default and Order Terminating the Automatic Stay. Upon entry of the Order, the automatic stay shall be terminated and extinguished for purposes of allowing Wells Fargo to notice, proceed and hold a trustee's sale of the subject property, pursuant to applicable state law, without further Court Order or proceeding being necessary." RJN Ex. M ¶¶ 6-7. The same would be true if plaintiff went into default on more than three occasions. Id. ¶ 8 . The bankruptcy court entered the stipulation on February 8, 2017. RJN Ex. N.

After plaintiff failed to make the required payments, on May 30, 2017, the bankruptcy court entered an order terminating the automatic stay and ordered that Wells Fargo could "complete its foreclosure of" the property. RJN Ex. O at 2.

**DISCUSSION**

**A.    Legal Standard**

---

[1] The cited exhibits are judicially noticeable because they are matters of public record, see RJN Exs. A-F & P, or records of proceedings in other courts, see RJN Exs. G-O. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); Garcia v. Reg'l Tr. Servs. Corp., 669 F. App'x 918 (9th Cir. 2016) ("no abuse of discretion in judicially noticing mortgage and foreclosure documents related to Garcia's Nevada property. As matters of public record they are proper subjects of judicial notice."); U.S. ex rel Robinson Rancheria Citizens v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts both within and without the federal judicial system if those proceedings have a direct relation to matters at issue"). Accordingly, defendant's request for judicial notice is GRANTED.

3

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court must accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Id. at 679. Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007). That is, the court may consider matters that are properly the subject of judicial notice, Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), exhibits attached to the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and

documents referenced extensively in the complaint or documents that form the basis of the plaintiff's claims. See No. 84 Emp'r-Teamster Jt. Counsel Pension Trust Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

**B.     Analysis**

   **1.     The HBOR Claim Must Be Dismissed**

Defendant argues that plaintiff's § 2924.11 claim must be dismissed for two reasons. First, Wells Fargo's February 2018 denial letter notified plaintiff of the specific reason for the denial and provided plaintiff the opportunity to appeal. Second, defendant argues that any purported violation was not material. The court agrees.

The only subsection of the HBOR that plaintiff specifically alleges defendant violated is § 2924.11(b). "The 2018 version of Section 2924.11(b) requires mortgage services to send the borrower 'a written notice to the borrower identifying with specificity the reasons for the denial.'" Jacobik v. Wells Fargo Bank, N.A., No. 17-CV-05121-LB, 2018 WL 1184812, at *4 n.17 (N.D. Cal. Mar. 7, 2018) (quoting § 2924.11(b)). The complaint's own allegations show that Wells Fargo did just that. The denial letter "stated that defendant was unable to create an affordable mortgage payment for plaintiff." Compl. ¶ 12; Jacobik, 2018 WL 2298640, at *2-6 (rejecting § 2924.11(b) argument where denial letter stated plaintiff "did not qualify for a loan modification based on the result of their net-present-value evaluation").[2]

Nor has plaintiff alleged a "material violation" of § 2924.11. See FAC ¶ 17 (seeking relief under § 2924.12 for alleged violation of 2924.11). Section 2924.12(a) and (b) make defendants liable for injunctive or monetary relief, respectively, to a borrower for "material violations" of, inter alia, § 2924.11. "If a notice of sale has not yet been recorded, a plaintiff is limited to injunctive relief. By contrast, if[, as here,] the notice of

---

[2] Plaintiff also vaguely argues that that the letter did not provide her with the "opportunity to determine which figures were used in making this determination." FAC ¶ 12. To the extent plaintiff argues that Wells Fargo was required to include a net present value evaluation in the denial letter, that was a pre-2018 requirement that did not survive § 2923.6(f)(3)'s repeal. See Jacobik, 2018 WL 1184812 at *3-6 (discussing at length).

5

sale has already been recorded, a plaintiff may seek monetary damages." Taylor v. CitiMortgage, Inc., No. 117CV01231DADJLT, 2018 WL 2064151, at *3 (E.D. Cal. May 3, 2018). To recover under § 2924.12(a), a plaintiff "must plead (1) a material violation of one of the enumerated code sections; (2) by a lender or trustee; (3) that causes actual economic damages." Wardrop v. Wells Fargo Bank, N.A., No. EDCV16413DMGSPX, 2016 WL 7626145, at *7 (C.D. Cal. Oct. 11, 2016).

Plaintiff first argues that defendant's denial letter failed to specify the reason for denial. The court rejected that argument above. Plaintiff next argues that Wells Fargo failed to consider plaintiff for all loss mitigation options before initiating foreclosure as required by § 2923.6. First, the FAC makes no reference to § 2923.6. Second, even if it did, the FAC contains no factual allegations to support the assertion that Wells Fargo failed to consider all loss mitigation options. And even if the above conduct constituted a violation of HBOR, plaintiff has not alleged a material violation occurred because there are no factual allegations demonstrating that the conduct "affected [the plaintiff's] loan obligations or the loan modification process." Galvez v. Wells Fargo Bank, N.A., No. 17-CV-06003-JSC, 2018 WL 2761917, at *6 (N.D. Cal. June 7, 2018) (collecting cases).

Moreover, and independently fatal, the FAC does not contain any allegations suggesting that the alleged conduct caused plaintiff to suffer "actual economic damages."

### 2. The RESPA Claim Must Be Dismissed

Section 1024.41(h)(2) states that "A servicer shall permit a borrower to make an appeal within 14 days after the servicer provides the offer of a loss mitigation option to the borrower pursuant to paragraph (c)(1)(ii)." Under subsection (c)(1)(ii), a loss mitigation option can include a denial letter. Defendant argues that plaintiff's claim under 12 C.F.R. § 1024.41 fails because plaintiff did not make her appeal within 14 days of the denial. That argument fails.

The FAC alleges that "on or around February 7, 2018, plaintiff received a decision on her loan modification application—a denial!" FAC ¶ 12. The FAC also alleges that plaintiff "submitted a written appeal . . . on or before February 21, 2018." Id. Thus,

contrary to defendant's assertion, the FAC alleges that plaintiff filed her appeal within 14 days.

Nevertheless, plaintiff's RESPA claim must be dismissed because plaintiff has failed to allege an injury. In order to survive a motion to dismiss, a plaintiff must allege actual pecuniary damages as a result of the alleged RESPA violation. See Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d. 1092, 1101 (E.D. Cal. 2010) (collecting cases); Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("RESPA ... authorizes actual damages to the borrower as a result of the failure to comply with RESPA requirements." (internal quotation marks omitted)). Generally, "sufficiently pled actual damages include the assertion of concrete harms caused by the RESPA violation itself, not harms generally resulting from a plaintiff's default and the foreclosure of his or her home." Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 532 (2013) disapproved on other grounds by Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919, 934 and 939 n.13 (2016). "[C]ourts have, [however], interpreted this requirement to plead pecuniary loss liberally." Allen v. United Fin. Mortgage Corp., 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009).

The court recognizes that because defendant raised this particular argument for the first time in its reply, plaintiff has not had an opportunity to respond. The court, however, finds that that is not grounds for denying the motion to dismiss. First, defendant raised the lack of injury argument in other parts of its motion and it applies equally here. Second, plaintiff is not prejudiced because the present dismissal is with leave to amend. Third, the FAC does not contain any adequate allegation of injury.

As to the latter, any purported pecuniary damages must be the result of defendant filing the Notice of Sale, but not actually selling the property, before resolving plaintiff's timely appeal. The best the FAC can muster is an allegation that plaintiff entered the deferred payment program based on defendant's promise of a future permanent modification and "but for" that promise "plaintiff would have remained current on her loan." FAC ¶¶ 9-10. Even if that allegation did adequately allege a harm (and the court

7

doubts that it does), it is not a harm that resulted from defendant's purported violation of § 1024.41—a violation that would have occurred months later. The FAC also alleges that plaintiff hired a "third party loan modification consultant." FAC. ¶ 11. But that allegation says nothing about when or how the consultant helped, or at what cost. It is thus impossible to say if those costs resulted from the alleged RESPA violation. In addition, like plaintiff's attorneys' fees, those costs, if any, were likely incurred as part of bringing this suit and such costs do not constitute sufficient harm under RESPA. Lal, 680 F. Supp. 2d at 1223 (costs of bringing suit insufficient to allege harm because otherwise "every RESPA suit would inherently have a claim for damages built in."). Lastly, the FAC makes a passing reference to statutory damages of $2,000 "in the case of a pattern or practice of noncompliance with the requirements of" § 2605(f). FAC ¶ 21. But plaintiff nowhere alleges defendant engages in a "pattern or practice of noncompliance."

Accordingly, plaintiff's RESPA claim must be dismissed for failure to allege a cognizable injury.[3]

### 3. **The UCL Claim Must Be Dismissed**

Plaintiff alleges that defendant's conduct violated California's UCL by violating the HBOR and RESPA because Wells Fargo failed "to maintain policies and procedures to ensure servicer personnel" performed certain functions for the borrower. See FAC ¶¶ 24-30. The court disagrees.

First, to state a claim under the "unlawful" prong of the UCL, which plaintiff attempts to do here, a plaintiff must allege the commission of any act "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."

---

[3] The court notes that plaintiff's § 1024.41(h) claim is premised on § 1024.41(g)(1), which plaintiff argues prohibited Wells Fargo from filing the notice of sale while plaintiff's appeal was pending. Both parties ignore that § 1024.41(g)—"Prohibition on foreclosure sale"—sets forth three disjunctive alternatives that would allow a servicer to initiate foreclosure procedures. One such alternative, § 1024.41(g)(3), provides that a servicer may initiate foreclosure proceedings if "The borrower fails to perform under an agreement on a loss mitigation option." Accordingly, plaintiff's failure to perform on the early-2017 loan modification, see RJN Exs. M-O, conceivably permitted defendant to initiate foreclosure proceedings. See 12 C.F.R. 1024.31 (defining "loss mitigation option").

8

Saunders v. Sup. Ct., 27 Cal. App. 4th 832, 838-39 (1994).  As discussed above, plaintiff has failed to state a violation of either RESPA or the HBOR.  Thus, the UCL claim fails.

Second, and independently fatal, plaintiff has failed to demonstrate that she has standing to bring the UCL claim.  "To assert a UCL claim, a private plaintiff needs to have 'suffered injury in fact and . . . lost money or property as a result of the unfair competition.'"  Rubio v. Capital One Bank, 613 F.3d 1195, 1203 (9th Cir. 2010) (quoting Cal. Bus. & Prof. Code § 17204).  To satisfy this standing requirement, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury-in-fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim."  Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322 (2011) (emphasis in original).  As discussed above, the FAC does not contain any factual allegations about what injury plaintiff suffered as a result of defendant's conduct—as opposed to harm suffered as a result of plaintiff's default or her financial situation.

Accordingly, plaintiff's UCL claim must be dismissed.

## CONCLUSION

In accordance with the foregoing, defendant's motion to dismiss is GRANTED.  As this is the first time the court has dismissed plaintiff's complaint, the dismissal is WITH LEAVE TO AMEND.  Any amended complaint shall be filed no later than October 19, 2018.  No additional claims or parties may be added without defendant's consent or leave of court.

**IT IS SO ORDERED.**

Dated: September 19, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

9