UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEREATHER EDGE-WILSON,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

Case No. 18-cv-03302-PJH

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING**

Re: Dkt. No. 31

Before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss plaintiff Bereather Edge-Wilson's Second Amended Complaint (the "SAC"). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for December 19, 2018, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**DISCUSSION**

As the parties are familiar with both the allegations in the First Amended Complaint (the "FAC"), which the court dismissed with leave to amend, see Dkt. 29, and plaintiff's minimally revised SAC, the court will not repeat them here. In short, in this foreclosure-related action, plaintiff alleges that Wells Fargo improperly filed a notice of trustee sale (the "NOTS") while plaintiff had a loan modification denial appeal pending. Plaintiff's FAC claimed that defendant's conduct violated (1) the Homeowner's Bill of Rights ("HOBR"), Cal. Civ. Code § 2924.11; (2) 12 C.F.R. 1024.41 under the Real Estate Settlement Procedures Act ("RESPA"); and (3) California's Bus. & Prof. Code §§ 17200, et seq. (the "UCL"). On September 19, 2018, this court dismissed the FAC with leave to

amend because, inter alia, plaintiff failed to allege a cognizable injury.

On October 19, 2018, plaintiff filed her SAC that added the following allegations:

> Plaintiff suffered a demonstrable injury resulting from the improper recording of the NOTS while Plaintiff's appeal was pending. Specifically, Plaintiff's loan was charged fees based for Defendant's filing of the improper NOTS. In or around October 2018, Plaintiff received a payoff quote which stated that Plaintiff owed $106,252.53 in interest and charges to the loan, as well as the principal balance of $304,036.87. Of the additional monies owed on the loan, $1,858.20 was for "unpaid advance balance" and $198.00 was for "recording costs." Thus, on or around October 12, 2018, Plaintiff paid Defendant $107,252.53 to cover the amounts owed on the loan over and above the principal balance. Plaintiff is informed and believes and thereon alleges that the unpaid advance balance and recording costs are attributed to the improperly recorded NOTS and, thus, she suffered an out of pocket loss of at least $2,056.20 for Defendant's violation.
>
> Furthermore, Plaintiff is informed and believes and thereon alleges that Defendant has a pattern or practice of noncompliance with the requirements of RESPA. In fact, there are currently over 30,000 complaints against Defendant with the CFPB regarding violations relating to mortgage loan modification applications.

SAC ¶¶ 17-18. In addition, the SAC dropped plaintiff's HOBR claim and instead alleges only violations of RESPA and the UCL.

**DISCUSSION**

**A.    Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court must accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be

2

accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Id. at 679. Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007). That is, the court may consider matters that are properly the subject of judicial notice, Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), exhibits attached to the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced extensively in the complaint or documents that form the basis of the plaintiff's claims. See No. 84 Emp'r-Teamster Jt. Counsel Pension Trust Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

**B.      Analysis**

      **1.      The RESPA Claim Must Be Dismissed**

            **a.      Plaintiff's RESPA Claim Fails As A Matter of Law**

First, plaintiff's RESPA claim fails as a matter of law under § 1024.41(g)(3). Without deciding the issue, this court's prior order noted that:

> [P]laintiff's § 1024.41(h) claim is premised on § 1024.41(g)(1), which plaintiff argues prohibited Wells Fargo from filing the notice of sale while plaintiff's appeal was pending. Both parties

3

> ignore that § 1024.41(g)—"Prohibition on foreclosure sale"— sets forth three <u>disjunctive</u> alternatives that would allow a servicer to initiate foreclosure procedures. One such alternative, § 1024.41(g)(3), provides that a servicer may initiate foreclosure proceedings if "The borrower fails to perform under an agreement on a loss mitigation option." Accordingly, plaintiff's failure to perform on the early-2017 loan modification, <u>see</u> RJN Exs. M-O, conceivably permitted defendant to initiate foreclosure proceedings. <u>See</u> 12 C.F.R. 1024.31 (defining "loss mitigation option").

Dkt. 29 at 8 n.3 (emphasis in original).[1]

Both parties having now had the opportunity to address the issue, the court now holds that the plain language of § 1024.41(g) forecloses plaintiff's RESPA claim. <u>See, e.g.</u>, <u>Cuellar v. Selene Fin. LP</u>, No. 417CV00729ALMCAN, 2018 WL 4572707, at *4–5 (E.D. Tex. Aug. 31, 2018) (same), <u>report and recommendation adopted</u>, 2018 WL 4566680 (E.D. Tex. Sept. 24, 2018); <u>Tripicchio v. Seterus, Inc.</u>, No. 16-CV-4967, 2016 WL 7374273, at *3 (N.D. Ill. Dec. 20, 2016) (same).

Second, plaintiff's RESPA claim fails as a matter of law because Wells Fargo's recording of the NOTS did not violate § 1024.41(g). As one court has explained, "by its plain language, [§ 1024.41(g)] prohibits a servicer from 'mov[ing] for foreclosure judgment or order of sale, or conduct[ing] a foreclosure sale.' It does not prohibit servicers from taking steps to prepare for a foreclosure sale." <u>Vethody v. Nat'l Default Servs. Corp.</u>, No. 16-CV-04713-HRL, 2016 WL 7451666, at *4 (N.D. Cal. Dec. 28, 2016) (alterations in original). The Consumer Financial Protection Bureau's (the "CFPB") comments on the regulation support that conclusion:

> Nothing in § 1024.41(g) prevents a servicer from proceeding with the foreclosure process, including any publication, arbitration, or mediation requirements established by applicable law, when the first notice or filing for a foreclosure proceeding occurred before a servicer receives a complete loss mitigation application so long as such steps in the foreclosure process do not cause or directly result in the issuance of a foreclosure judgment or order of sale, or the conduct of a foreclosure sale, in

---

[1] Defendant's request for judicial notice is GRANTED. <u>See</u> Dkt. 29 at 3 n.1 (discussing same exhibits and collecting cases).

4

violation of § 1024.41.

78 Fed. Reg. 10696, 10897-90 (Feb. 14, 2013).  "These comments suggest that Section 1024.41(g) is concerned, in the non-judicial foreclosure context, with the actual 'conduct of a foreclosure sale,' not the preceding steps, as long as these steps do not ultimately cause the foreclosure sale."  Vethody, 2016 WL 7451666, *5.  Here, a foreclosure sale has not yet taken place and plaintiff has failed to allege sufficient facts suggesting that defendant's recording of the NOTS constituted "conduct[ing] a foreclosure sale."  See also Judan v. Wells Fargo Bank, Nat'l Ass'n, No. 15-CV-05029-HSG, 2017 WL 3115172, at *7 (N.D. Cal. July 21, 2017) ("[T]he plain language of the regulation prohibits Defendant from 'conduct[ing] a foreclosure sale' (not recording a notice)").

### b. Plaintiff Has Not Alleged A Cognizable Injury

The court previously dismissed plaintiff's RESPA claim because plaintiff failed to allege "any concrete harm[s] caused by the RESPA violation itself."  Dkt. 29 at 7-8 (collecting cases).  In response, the SAC alleges that plaintiff paid $1,858.20 to Wells Fargo for "unpaid advance balance" and $198.00 for "recording costs."  SAC ¶ 17.  The SAC alleges that those payments resulted from Wells Fargo allegedly improperly recording the NOTS.  But if Wells Fargo did not improperly record the NOTS—which the court has concluded above—then the SAC's newly alleged harm could not have been caused by that alleged RESPA violation.

Plaintiff also argues that the SAC now sufficiently alleges statutory damages because it alleges that defendant "has a pattern or practice of noncompliance with the requirements of RESPA."  SAC ¶¶ 18-19.  The court previously rejected a similarly conclusory allegation in plaintiff's FAC.  See FAC ¶ 21; Dkt. 29 at 8.  To shore up that allegation, the SAC adds only that "there are currently over 30,000 complaints against Defendant with the CFPB regarding violations relating to mortgage loan modification applications."  SAC ¶ 18.  That single unexplained allegation fails to support statutory damages for at least two reasons.  First, the SAC fails to even assert that the conduct plaintiff complains of relates to the conduct complained of in the alleged 30,000 CFPB

5

complaints.  Second, under 12 U.S.C. § 2605(f), a plaintiff can only recover statutory damages if defendant has a "pattern or practice of noncompliance with the requirements of" RESPA itself.  The SAC, however, fails to allege anything about whether the alleged 30,000 CFPB complaints have anything to do with RESPA.

### 2. The UCL Claim Must Be Dismissed

The SAC fails to state a UCL claim for the same reasons as the FAC failed to state a claim.  Plaintiff has not stated a predicate violation to satisfy the unlawful prong.  See Dkt. 29 at 8-9.  Nor has plaintiff alleged any facts supporting a claim under the "unfair" or "fraudulent" prong of the UCL.  And, as discussed above, plaintiff has failed to allege that her injury was caused by the alleged conduct and therefore plaintiff has failed to demonstrate that she has standing.  Id.; Rubio v. Capital One Bank, 613 F.3d 1195, 1203 (9th Cir. 2010).

## CONCLUSION

In accordance with the foregoing, the court GRANTS defendant's motion to dismiss.  Because the court finds that further amendment would be futile, and because plaintiff has already been provided an opportunity to amend, the complaint is DISMISSED WITH PREJUDICE.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 7, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge